UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALLEN CRIDDLE**    DOC #151102092739 | : | **CIVIL ACTION NO. 2:15-cv-1419**   **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN ALLEN CORRECTIONAL CENTER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Allen Criddle (hereinafter "Criddle"). Criddle is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC") and is incarcerated at Caldwell Correctional Center in Grayson, Louisiana. However, he complains about events that occurred at or near the time of his release from Allen Correctional Center (hereinafter "ALC") in Kinder, Louisiana.

As defendants, Criddle names ALC's Warden Keith Cooley and Global Expertise in Outsourcing Group, Inc. (hereinafter "GEO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

According to his complaint, Criddle was arrested in Virginia in 1996 for carnal knowledge of a juvenile. Doc. 1, p. 4. He states that the law at the time of his plea bargain/sentence gave him six months to register as a sex offender. *Id.* He was later arrested in Louisiana in 2001, for the unauthorized use of a movable. He pled guilty to that offense and he served five years of a ten

year sentence. *Id.* While on parole he was again arrested in Louisiana for theft. *Id.* He pled guilty and served two years incarceration. *Id.*

Criddle contends that new sex offender laws passed in Louisiana in 2008 and 2010, prevented him from getting out of prison without an address, so he served his entire sentence in full. Doc. 1, pp. 4-5. At or near his release from ALC he informed ALC officials that he was going to Texas but did not have an address at that time. Doc. 1, p. 5. He also requested a bus ticket to the Texas state line. *Id.* Criddle alleges that ALC officers informed him that, since he was a sex offender, they could not let him walk across state lines. Doc. 9, p. 3. He was then taken to a Baton Rouge Jail, where he was seen by a sex offender registration official and released. Doc. 9, p. 4. Criddle states that he was "trapped" in Louisiana and tried to find work in order to purchase a bus ticket to Texas. *Id.* He maintains that he was arrested in Baton Rouge approximately a month and a half later for failing to register as a sex offender. Doc. 1, p. 5, doc. 9, p. 4. Criddle maintains that he would not be in jail had ALC officials given him a bus ticket to Texas as he requested. Doc. 9, p. 4.

As relief for the above, Criddle seeks compensatory and punitive damages. Doc. 9, p. 5.

## II.
### LAW AND ANALYSIS

### A. Frivolity Review

Criddle has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)).

A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

The court is convinced that Criddle has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### C. Supervisory Liability

Criddle has failed to state a claim against either ALC Warden Cooley or GEO as these defendants are named in their supervisory capacity. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Id.*

Criddle has not alleged sufficient facts to support a finding of personal involvement on the part of these defendants nor that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### D. Application of Sex Offender Laws

Even if Criddle had named a proper defendant, his claims regarding the application of the sex offender registration laws do not have merit. If we interpret his complaint as arguing that Louisiana's sex offender registration law does not apply to him because it was amended after his conviction, he is wrong. Courts have determined that because Louisiana's sex offender registration law is nonpunitive, its retroactive application does not violate the *Ex Post Facto* Clause of the United States Constitution. *See Smith v. Doe,* 123 S. Ct. 1140 (2003); *Moore v. Avoyelles Correctional Center,* 253 F.3d 870, 872 (5th Cir. 2001).

Further, the court notes that such sex offender registration laws also do not run afoul of either the Equal Protection Clause or the Double Jeopardy Clause. *See Johnson v. Terhune,* 184 Fed. Appx. 622, 624 (9th Cir. 2006), *Doe v. Moore,* 410 F.3d 1337, 1346-48 (11th Cir. 2005), *Femedeer v. Haun,* 227 F.3d 1244, 1254 (10th Cir. 2000), *Cutshall v. Sundquist,* 193 F.3d 466,

473-76 and 482-83 (6th Cir. 1999), and *Artway v. Attorney General,* 81 F.3d 1235, 1267-68 (3rd Cir. 1996).

For these reasons, there is no Constitutional prohibition against application of the Louisiana Sex Offender laws to Criddle, and any his claims are without merit and should be dismissed.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Criddle's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 27th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE